ELTON M. TURNER, Appellant, v. ALTA LEOTA TURNER, Appellee.

No. 42535.

DECEMBER 26, 1934.

Fisher & Riter and I. R. Meltzer, for appellant.

Warren H. White and Welty, Soper & Welty, for appellee.

DONEGAN, J.—This is an appeal from a judgment and decree in an action for divorce in which the trial court dismissed both plaintiff's petition and defendant's cross-petition. Plaintiff's petition asked for a divorce from the defendant upon the ground of cruel and inhuman treatment, and by an amendment also asked for a divorce on the ground of adultery. Defendant's cross-petition asked for a divorce from the plaintiff on the ground of cruel and inhuman treatment. Both parties in their petition and cross-petition, respectively, asked for the custody of a four-year-old daughter, and the defendant in her cross-petition also asked for alimony. The trial court found that the evidence was insufficient upon which to grant a divorce to either party, and dismissed the petition and cross-petition. Both parties appeal. Plaintiff, having perfected his appeal first, is herein referred to as appellant, and defendant as appellee.

The only questions presented on this appeal are questions of fact. We have carefully read both the abstract and amended abstract, covering approximately 200 pages of evidence, and have studied the arguments presented by both parties for the purpose of trying to derive some assistance therefrom in determining the construction to be placed upon such evidence. It is impossible to set out the evidence in detail. We think it sufficient to refer to the evidence generally with reference to the contentions of the respective parties, and to state our conclusions therefrom.

Neither the appellant nor the appellee claims that the cruel and inhuman treatment upon which they ask for a divorce in the petition and cross-petition, respectively, consisted of any physical violence, and the evidence introduced showed nothing of this nature. The principal charges of cruelty made by appellant are that the defendant committed abortions upon herself, consorted with men of immoral reputations against the protests of the appellant, and was guilty of such neglect and cruel treatment of the child as to cause him mental pain and anguish endangering his life. The grounds of cruel and ·inhuman treatment upon which appellee · asked for a divorce in her cross-petition were unreasonable demands for sexual intercourse when defendant-appellee was in a weakened physical condition; refusal of the plaintiff-appellant to pay doctor bills and hospital bills in connection with an operation which she was obliged to undergo, obliging her to become a charity patient in a public hospital; and forcing her to leave her home and return to the home of her parents. The evidence offered by both appellant and appellee in support of these respective charges is, in almost every instance, denied by the evidence of other witnesses. Out of this maze of contradictory and conflicting evidence we are unable to reach any conclusion further than that, in our opinion, both parties were not free from fault, and that neither of the parties appears to have considered the alleged acts of cruel and inhuman treatment as sufficient grounds for a divorce until this action was instituted. In any event, we think the record fails to show that the alleged acts of cruel and inhuman treatment caused such mental anguish or suffering that the life of either party could be said to have been endangered thereby.

Apparently much greater weight was placed by appellant upon his charge that the appellee had been guilty of adultery, and by appellee upon her denial of such charge, than was placed by either

party upon the charge of cruel and inhuman treatment. As to this ground for divorce there are many facts and circumstances in the evidence which, to say the least, reflect very seriously upon the appellee's conduct. Appellee is charged by the appellant with having had adulterous relations with at least eight different persons, who are named, and with others whose names appellant alleges are unknown to him. It would seem that out of so many charges, if the appellee were the lewd, lascivious, and wanton individual which the appellant charges her with being, he could and would have discovered this fact long before the one and only time he claims the appellee admitted her guilt to him, which was at the time of their separation, and that he would have been able to find something less speculative and more convincing in the way of evidence than is presented by the record in this case.

The married life of these parties began in October, 1924, and the improper relations with which the defendant-appellee is charged are alleged to have extended over the period from about November, 1927, to September, 1931. The evidence seems to leave little doubt that during this time the appellee was visited by and entertained other men in her home during her husband's absence, that she went out with other men to dances and other places, and that her conduct on many occasions was far from being that which a woman of finer instincts and a proper sense of the proprieties would have been guilty of. But, while it is possible that she may have been guilty of adultery with some one or more of the many named or unnamed persons with whom the appellant charges such acts were committed, we do not think the evidence in any instance is such as to impel an inference of unlawful conduct on her part, as against what seems to us to be the equally probable inference that such conduct may have been due to ignorance, love of excitement, and a woeful want of due sense of propriety which should govern the conduct of a married woman. It appears in the evidence that several of the men with whom the appellee is charged with having had illicit relations were friends of the appellant, were first introduced to her by him, and, in some instances, were brought into the home and remained in the home with his knowledge and consent. The multiplicity of persons with whom the appellee is alleged to have been guilty of unlawful relations, the meagerness of evidence as to her alleged wrongful relations with many of them, and the failure to present any evidence that would appear to us to be convincing as to any

particular instance of misconduct, compels us to the conclusion that this woman should not be branded as an adulteress upon the strength of anything presented by the record in this case.

It is apparent from the arguments in this case that the real bone of contention is the custody of the little girl. The welfare of this child is a matter with which the court is more concerned than the granting or refusing of a divorce to either of the parties. This question, however, is presented to us as an incident in connection with the divorce action, and, even if a divorce were to be granted, it is not altogether clear to us that the mother's custody of the child should be disturbed at this time. This child was born in July, 1927, and at the time of the trial had not reached her sixth birthday. Because of her immature age and being a girl, she would naturally, in the absence of strong reasons to the contrary, be left with the mother. While the mother's conduct has not been such that we could consider her an altogether desirable companion and example for this little girl, the age of the child is such that we do not feel that any particular danger will result from the mother's custody of her within the immediate future. The refusal of a divorce to either party and of a change in the custody of the child is not necessarily a final determination that her custody will permanently remain with the mother. The fact that the mother may be an uneducated and unrefined woman would not alone be grounds for depriving her of the custody of her child. If, however, we are mistaken in our conclusion that the evidence in this case is insufficient to prove her guilty of immoral conduct, and, if her conduct in the future should be such that the moral training and welfare of the child would thereby be endangered, there is always a remedy by which these important considerations may be protected.

We find no reason for disturbing the decree and judgment of the trial court, and it is therefore affirmed.—Affirmed.

MITCHELL, C. J., and EVANS, KINDIG, ANDERSON, and POWERS, JJ., concur.